a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JONICA HAAMID PHILLIPS #429550, Plaintiff | CIVIL DOCKET NO. 1:21-CV-03444 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| STATE OF LOUISIANA, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed by *pro se* Petitioner Jonica Haamid Phillips ("Phillips"). Phillips is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Phillips challenges his conviction and sentenced imposed in the Thirty-Fifth Judicial District Court, Grant Parish.

Because Phillips's Petition is second and successive, it should be DISMISSED for lack of jurisdiction.

I.  Background

Records from Phillips's prior habeas actions indicate that he was charged by Bill of Information with possession of drug paraphernalia and two counts of theft of property having a value of less than $300. *See* No. l:10–CV–0833 (W.D. La.); ECF No. 1–2. One of the theft charges was subsequently upgraded to a felony purse-

1

snatching offense, to which Phillips pleaded guilty. *Id.* Pursuant to a plea agreement, the State did not charge Phillips as a habitual offender. *See* No. 1:10-CV-0833 (W.D. La.); ECF No. 1–3. On September 13, 2007, Phillips was sentenced to 20 years of imprisonment. *Id.* at 1. Phillips did not appeal his conviction or sentence.

From 2008 through 2010, Phillips filed numerous motions, petitions, and writ applications in the state courts, all of which were denied. Case No. 1:10-CV-0833 (W.D. La.); ECF Nos. 1-2, 5; *see also State of Louisiana ex rel. Jonica H. Phillips v. State of Louisiana*, 2009–1442 (La. 2010), 31 So.2d 358.

Petitioner then filed two § 2254 Petitions in this Court. *See* Nos. 1:10-CV-833, 1:10-CV-834. Both Petitions were denied on the merits. *Id; see Phillips v. Wilkinson*, 2010 WL 3943559 (W.D. La., 10/07/10); 2010 WL 4642457 (W.D. La., 11/09/10).

In 2014, Phillips filed another § 2254 Petition in this Court. That Petition was transferred to the United States Court of Appeals for the Fifth Circuit for Petitioner to seek authorization to file a second or successive habeas petition. *See* No. 1:14-CV-2328. The Fifth Circuit dismissed Phillips's request for failing to comply with an order. *Id.* at ECF No. 12.

On May 21, 2018, Phillips filed a petition in the court of conviction, which was construed as an application or post-conviction relief. ECF No. 5-2 at 5. The court denied relief, and Phillips sought review in the Louisiana Third Circuit Court of Appeal. *Id.* The appellate court denied the writ because the application was untimely. *Id.* at 4-5. The Louisiana Supreme Court did not consider Phillips's writ application because it was untimely. ECF No. 5-2 at 3.

In his current Petition, Phillips claims that his conviction is unlawful because of a defective Bill of Information. Phillips has presented this claim numerous times over the years, including in his first § 2254 Petition. *See* 1:10-CV-0833 (W.D. La.).

## II. Law and Analysis

This Court adjudicated Phillips's first habeas petition on the merits. *See* 1:10-CV-0833 (W.D. La.). "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ." 28 U.S.C. § 2244.

In fact, before a second or successive petition can be filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). A habeas corpus petition is not second or successive simply because it follows an earlier federal petition. *In re: Cain*, 137 F.3d 234, 235 (5th Cir. 1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.*

Phillips's Petition raises a claim previously raise and denied in this Court. Therefore, his current Petition is second and successive.

Under § 2244(b)(2), a claim presented in a second or successive § 2254 petition that was not presented in a prior petition shall be dismissed unless: (1) the applicant

shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244.

Phillips does not argue that his claim is based on a new rule of constitutional law that was previously unavailable, or that the factual predicate for the claim was not discoverable. Nor has Phillips obtained authorization to file a second or successive § 2254 Petition from the Fifth Circuit. Until Phillips obtains authorization from the Fifth Circuit, this Court is without subject matter jurisdiction over his Petition. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

### III. Conclusion

Because Phillips's Petition (ECF No. 5) is second and successive and he has not received authorization from the Fifth Circuit, IT IS RECOMMENDED that the Petition (ECF No. 5) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as

to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Phillips's claims.[1]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); *Reed v. Young*, 471 F.App'x 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    SIGNED on Saturday, December 4, 2021.

                                                    _____
                                                  JOSEPH H.L. PEREZ-MONTES
                                                  UNITED STATES MAGISTRATE JUDGE